UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRONTRICK DOOR, INC.,

            Plaintiff,

                              ORDER
v.                              10-CV-966A

JOHN FERGUSON and
DML SYSTEMS, INC.,

            Defendants.

---

Plaintiff, a New York company, filed a verified complaint in state court against defendants John Ferguson and DML Systems, Inc., both of whom are alleged to be citizens of Canada, asserting claims for breach of contract, unjust enrichment and quantum meruit arising from the defendants' purported failure to fulfill a contract between plaintiff and defendant DHL Systems, Inc., relating to the purchase of computer software.

Defendants removed the action to federal court and moved to dismiss the complaint on various grounds. In response, plaintiff cross-moved to remand the matter back to state court, and alternatively, to amend the complaint to address problems identified in the motion to dismiss. The parties appeared for argument on January 25, 2011, at which point plaintiff conceded that the motion to remand lacked merit.

For the reasons stated, the Court (1) denies the motion to remand; (2) grants the motion to dismiss plaintiff's original complaint; and (3) grants leave to file an amended complaint.

**DISCUSSION**

**A.     Motion to Remand**

Plaintiff initially cross-moved to remand asserting that removal was untimely. However, plaintiff conceded at oral argument that he had miscalculated the applicable 30-day period set forth in 28 U.S.C. § 1446(b), and since the 30th day fell on a Sunday, defendants' notice of removal filed the next day was timely. *See* Fed. R. Civ. P. 6(a)(1)(C) (where the last day falls on a Sunday, the next day that is not a Saturday, Sunday or legal holiday becomes the deadline). Accordingly, the motion to remand is denied.

**B.     Motion to Dismiss and Leave to Amend**

Defendants have moved to dismiss the original complaint. Rather than oppose the motion, plaintiff responded by seeking leave to amend the complaint "to address the criticisms noted in Defendants' motion to dismiss." *See* Dkt. 6, Exh. 7, at 3. Plaintiff provided a proposed amended complaint. Defendants oppose the motion for leave to amend asserting that amendment would be futile as many of the defects existing in the original complaint are repeated in the proposed amended complaint.

At the outset, there appears to be no opposition to the motion to dismiss the original complaint. Accordingly, defendants' motion to dismiss is granted.

As the issue of whether to grant leave to amend the complaint, Rule 15 directs that leave to amend a complaint should be "freely give[n]" when "justice so requires." *See* Fed. R. Civ. P. 15(a)(2). However, this Court has discretion to deny leave for good

reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.  See *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Defendant argues that amendment would be futile because, even as amended, plaintiff's breach of contract claim is time barred.  In *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737 (2d Cir. 1979), the Second Circuit held that the UCC's four-year statute of limitations applies to a contract for the purchase and installation of computer hardware and software.  In *Triangle Underwriters*, the Circuit held that the cause of action accrued on the date that the computer system was installed and immediately proved itself to be incapable of functioning.  Because the cause of action in *Triangle Underwriters* was filed more than four years after that installation date, the action was held to be time barred.

Unlike the situation that existed in *Triangle Underwriters* –  where the "breach occurred when the system was installed and immediately proved itself incapable" – plaintiff alleges that the defendants agreed to install the software over a six- month period commencing August 18, 2006.  Assuming that all of the software was not installed until February 2007 (six months after the contract was entered into) or thereafter, the cause of action would be timely.  In other words, if the software was not installed and proven incapable of performing until February 2007 or later, the breach of contract claim filed on November 29, 2010 is timely.  At this juncture, the Court must accept plaintiff's assertions as true.  Plaintiff asserts in its complaint that "[d]efendants orally agreed to install the software . . . over the course of six moths to one year, *see* Dkt. 6 (Proposed Amended Compl. at ¶ 6), and that various portions of the software

were installed from August 2006 to February 2009. *Id.* at ¶ 10. On a motion to dismiss under Rule 12(b)(6), a claim may be dismissed as time-barred under the statute of limitations only if the factual allegations in the complaint clearly show that the claim is untimely. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). In other words, "the plaintiff must plead itself out of court." *See St. Johns University, New York v. Bolton*, No. 08-CV-5039, ___ F.Supp. 2d ___ 2010 WL 5093347, at *5 (E.D.N.Y. Dec. 10, 2010) (quotation omitted); *see also Bano v. Union Carbide Corp.,* 361 F.3d 696, 710 (2d Cir. 2004) (defendant bears the burden of proving a claim is untimely). Assuming the truth of plaintiff's allegation that the software was not fully installed until February 2009, the proposed amended complaint is not untimely.

Since the proposed amendment is not futile, the Court will grant leave to amend. Nothing herein shall preclude the defendants from renewing their motion to dismiss, or alternatively seeking summary judgment, based upon arguments previously raised in moving against the original complaint.

## **CONCLUSION**

Accordingly, for the reasons stated herein, defendants' motion to dismiss the complaint is granted (Dkt. No. 3), as is plaintiff's cross-motion seeking leave to amend the complaint (Dkt. No. 6), but the motion for remand to state court is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 3, 2011