**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**FONTRICK DOOR, INC.,**

                                **Plaintiff**                    **10-CV-0966A(Sr)**

**v.**


**JOHN FERGUSON**
**and**
**DML SYSTEMS, INC.,**

                                **Defendants.**

───────────────────────────────


<u>**REPORT, RECOMMENDATION AND ORDER**</u>

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #9.  Currently before the Court is defendants' motion to dismiss the amended complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.   Dkt. #12.  For the following reasons, it is recommended that defendants' motion be granted in part.


<u>**BACKGROUND**</u>

On August 18, 2006, plaintiff Fontrick Door, Inc., a corporation based in Batavia, New York, entered into an agreement with DML Systems, Inc., a corporation located in Burlington, Ontario, for financial, reporting and inventory software and implementation services valued at $65,450.00 US funds.  Dkt. #11-1.  The agreement is written on DML Systems stationary and lists John Ferguson at DML Systems as the contact.  Dkt. #6-2, pp.1-5.  Each page of the agreement contains two initials under the heading, "Customer Agreement."  Dkt. #6-2, pp.1-5.  Upon information and belief,

counsel for the defendants avers that the agreement is initialed by John Ferguson on behalf of DML Systems, Inc. and Mike Fontaine on behalf of Fontrick Door, Inc.  Dkt. #14, ¶ 18.

Plaintiff commenced this action against Fontrick Door, Inc., and its owner, John Ferguson, in New York State Supreme Court, Genesee County, by filing a Summons and Verified Complaint on September 10, 2010.  Dkt. #1, pp.6-7.  Plaintiff's complaint alleged that it had paid defendants $84,690.00 as of April, 2009, but defendants had failed to properly install the software so as to render it operable, thereby breaching the contract and unjustly enriching defendants.  Dkt. #1, pp.7-11. Plaintiff alleges that "[o]ver the course of the period from approximately May, 2006 to February, 2009, the Defendants installed and/or attempted to install various portions of the two Software Packages purchased by Fontrick at Fontrick's place of business."  Dkt. #1, p.8.  Counsel for defendants avers that "on or about October 28, 2010, a copy of the Verified Complaint was left with Mr. Ferguson's spouse at their home."  Dkt. #16-1, ¶ 4.  Counsel avers that "Mrs. Ferguson is neither an officer nor an employee of DML Systems." Dkt. #14, ¶ 6.  Counsel also avers that "DML Systems was not served with a copy of the Verified Complaint by either personal service or mail at its head office, registered office, or principal place of business."  Dkt. #16-1, ¶ 4.

On November 29, 2010, defendants removed the action to this Court based upon diversity jurisdiction.  Dkt. #1, p.22.  By Notice of Motion dated December 8, 2010, defendants moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint improperly named Mr. Ferguson as a defendant, failed to identify the specific provisions of the contract alleged to be breached, made improper claims based on theories of *quasi* contract, and was barred by the statute of limitations.  Dkt. #3.

Plaintiff moved to remand the matter to the New York State Supreme Court on the ground that the notice of removal was untimely, or, in the alternative, to serve an amended complaint. Dkt. #6.  Plaintiff attached to its motion a proposed amended complaint asserting breach of contract and, in the event the agreement was not deemed a contract, unjust enrichment.  Dkt. #6-6.  The proposed amended complaint asserts that DML Systems, Inc., is a "Corporation duly authorized and organized under the laws of the Province of Ontario, Canada," and that John Ferguson is "a principal/owner of DML Systems, Inc." Dkt. #12-3, ¶¶  2-3.  Plaintiff alleges that Fontrick entered into "a Contract with John Ferguson and DML Systems, Inc. ("Defendants") whereby the Defendants sold to Fontrick certain computer software and programs, together with the implementation and installation of said software and programs at Fontrick's place of business . . .. " Dkt. #6-6, ¶ 4. Plaintiff further alleges that defendants "installed and/or attempted to install various portions of the two Software Packages purchased by Fontrick at Fontrick's place of business" between August 2006 and February, 2009.  Dkt. #6-6, ¶ 10.

By Order entered February 4, 2011, the Hon. Richard J. Arcara determined that, assuming the truth of plaintiff's allegation that the software installation was not completed until February, 2009, the complaint would not be time barred.  Dkt. #8, p.4.  As a result, the Court granted leave to amend the complaint and noted defendants' right to renew their motion to dismiss or seek summary judgment "based upon arguments previously raised in moving against the original complaint."  Dkt. #8, p.4.

Plaintiff filed an amended complaint on March 10, 2011, alleging: (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty of fitness for a particular purpose; and (4) unjust enrichment in the event the agreement is not deemed a contract.  Dkt. #11.

-3-

## DISCUSSION AND ANALYSIS

### Insufficient Service of Process

Defendants move to dismiss the amended complaint on the ground that the original complaint was not properly served.  Dkt. #12-6.

Plaintiff replies that defendants have waived their jurisdictional defense by failing to raise it in the original motion to dismiss and that service of the amended complaint upon defendants' counsel effectuated proper service of the amended complaint.  Dkt. #15-1.

Defendants note that plaintiff has failed to demonstrate proper service of the summons and complaint and argue that they could not have raised this defense on the prior motion to dismiss because the 120-day period for service of the complaint had not run when defendants filed the initial motion to dismiss.  Dkt. #16.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  However, "the requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly."  *Transaero, Inc. V. La Fuerza Aerea Bolivianna*, 162 F.3d 724, 729 (2d Cir. 1998), *cert. denied*, 526 U.S. 1146 (1999).  Pursuant to Rule 12 of the Federal Rules of Civil Procedure, for example, the defense of insufficiency of process is waived if the defense was available but the defendant failed to raise the

-4-

issue in a prior motion to dismiss.  Fed. R. Civ. P. 12(h)(1).  Thus, a defendant wishing

to challenge service of process "must do so at the time he makes his first significant

defensive move."  *Transaero*, 162 F.3d at 730, *quoting* 5A Charles Alan Write & Arthur

R. Miller, Federal Practice and Procedure § 1391 (1990).


        "The Court finds unpersuasive defendant's argument that the defense of

improper service was not available until the expiration of the 120 days period."  *Espaillat*

*v. Rite Aid Corp.*, No. 00 CV 2086, 2003 WL 721566, at * 3 (S.D.N.Y. March 3, 2003);

*but see Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 665 (D. Vt. 1996)

(defense of insufficiency of service of process not available at time of initial motion to

dismiss because that motion was filed well before the expiration of the 120 day time

limit for service).  As in *Espaillat*, this Court agrees that the fact that plaintiff had

additional time, pursuant to Fed. R. Civ. P. 4(m), to re-serve defendants in a proper

manner does not transform an otherwise improper service into proper service."

*Espaillat,* 2003 WL 721566, at * 3.  Moreover, it is a waste of judicial resources and

contrary to the liberal construction afforded Rule 4(m) of the Federal Rules of Civil

Procedure and the Rule's generous provisions for extensions of time to effect service,

for a defendant to withhold concerns about service of process until such time as the

Court would be required to utilize its discretionary authority to extend the time in which

plaintiff may effect service.  *See Vance v. U.S.*, 126 F.R.D. 14, 16 n.1 (E.D.N.Y. 1989)

("It is reprehensible . . . to wait until after the 120 days for service . . . to have expired

along with the statute of limitations prior to making this motion to set aside the service

as insufficient.").  As a result, it is recommended that defendants' motion to dismiss the

complaint for insufficient service of process be denied on the ground that it was waived when the defense was not raised on the initial motion to dismiss.

## Amended Complaint

Defendants move to dismiss the amended complaint on the ground that it adds allegations and causes of action which were not contained in the proposed amended complaint.  Dkt. #12-6.

Plaintiff responds that the Court's Order "made no direction that the Proposed Amended Complaint should be filed 'as is,'" and that "Plaintiff was free to edit and augment the Amended Complaint as it saw fit."  Dkt. #15-1, p.5.

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course.  Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15 (a)(2).  As plaintiff has not obtained consent or leave of court for the amended complaint filed March 9, 2011, it is recommended that defendants' motion to dismiss be granted in so far as the amended complaint differs from the proposed amended complaint submitted in response to the original motion to dismiss, *to wit*, to the extent it asserts claims other than breach of contract and unjust enrichment.

**Dismissal of John Ferguson**

Defendants argue that there is no basis upon which to proceed against Mr. Ferguson in his individual capacity.  Dkt. #12-6, p.6.

Plaintiff responds that it is premature to dismiss the amended complaint against Mr. Ferguson, "pending discovery into his exact role in the contractual relations with Plaintiff."  Dkt. #15-1, p.2.

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants.  *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.  *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973).  The court is required to read the complaint broadly and with great latitude on a motion to dismiss.  *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985).  The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court revisited the standard of review on a motion to dismiss and concluded that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (internal citations omitted).  Subsequently, the Supreme Court reiterated that

> the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)(internal quotations and citations omitted).  The Supreme Court explained the principles underlying its decision in *Twombly* as follows:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged – but it has not shown – that the pleader is
entitled to relief.

In keeping with these principles a court considering a motion
to dismiss can choose to begin by identifying pleadings that,
because they are no more than conclusion, are not entitled
to the assumption of truth.  While legal conclusions can
provide the framework of a complaint, they must be
supported by factual allegations.  When there are well-
pleaded factual allegations, a court should assume their
veracity and then determine whether they plausibly give rise
to an entitlement to relief.

*Id.* (internal quotations and citations omitted).

"Under New York law, an agent who signs an agreement on behalf of a
disclosed principal will not be individually bound to the terms of the agreement 'unless
there is clear and explicit evidence of the agent's intention to substitute or superadd his
personal liability for, or to, that of his principal.'" *Lerner v. Amalgamated Clothing and
Textile Workers Union*, 938 F.2d 2, 5 (2d Cir. 1991), *quoting Mencher v. Weiss*, 306
N.Y. 1, 4 (1953); *See Salzman sign Co. v. Beck*, 10 N.Y.2d 63, 67 (1961) ("In modern
times most commercial business is done between corporations, everyone in business
knows that an individual stockholder or officer is not liable for his corporation's
engagements unless he signs individually, and where individual responsibility is
demanded the nearly universal practice is that the officer signs twice – once as an
officer and again as an individual.").  In the instant case, plaintiff has alleged no facts
from which it could be inferred that John Ferguson assumed individual liability for the
performance of the agreement.  Plaintiff's complaint alleges nothing more than that
John Ferguson is "a principal/owner of DML Systems, Inc." Dkt. #12-3, ¶ 2.  The

identification of Mr. Ferguson as the contact person on the agreement between DML

Systems, Inc. and Fontrick Door, Inc., is insufficient to infer individual liability, as is the

possibility that one of the initials under the heading, "Customer Agreement" is Mr.

Ferguson's.  As a result, it is recommended that John Ferguson's motion to dismiss the

complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure be granted.

**Dismissal of DML Systems, Inc.**

Defendants argue that the complaint fails to specify what provisions of the

contract were breached and that the unjust enrichment claim is precluded by virtue of

the contract.  Dkt. #12-6, pp. 9 & 12.

Plaintiff responds that the complaint sets forth a sufficient claim of breach

of contract and notes that the unjust enrichment claim is asserted as an alternative

cause of action.  Dkt. #15-1, pp.4-5.

Plaintiff's complaint sets forth a viable breach of contract claim in that it

alleges the existence of a written agreement, the breach of the terms of that agreement,

*to wit*, *inter alia*, the failure to install all of the programs agreed upon and failure of the

installed programs to function as promised, and resulting damages, including lost sales.

Dkt. #6-6, ¶¶ 4-18.  Because the theory of unjust enrichment operates to prevent

injustice in the absence of an actual agreement, recovery on a theory of unjust

enrichment is ordinarily precluded where the parties executed a valid and enforceable

contract governing a particular subject matter and recovery is sought for events arising out of that subject matter. *See also IDT Corp. V. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009).  However, plaintiff's allegations of oral agreements regarding the time line for installation, additional payments and altered specifications may raise questions as to the terms, scope and potentially even the validity of the agreement, rendering the alternative pleading of an unjust enrichment claim appropriate at this stage of the proceedings.  *See St. John's Univ., N.Y. v. Bolton*, 757 F. Supp.2d 144, 184 (E.D.N.Y. 2010) (Rule 8(d) of the Federal Rules of Civil Procedure permits plaintiff to "allege claims in the alternative, even if the legal theories underlying those claims are technically inconsistent or contradictory.").  Thus, it is recommended that defendants' motion to dismiss the breach of contract and unjust enrichment claims be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that the motion to dismiss (Dkt. #12), be granted with respect to John Ferguson and that the amended complaint be dismissed to the extent that it asserts claims other than breach of contract and unjust enrichment against DML Systems, Inc., but that the motion be denied in all other respects.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report,

Recommendation and Order to the attorneys for the parties.


**SO ORDERED.**


DATED:      Buffalo, New York
            January 9, 2012

                                         S/ H. Kenneth Schroeder, Jr.
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**